| B 104 (Rev. 2/92) | ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 03-00093 (6) | Form No. 3 (Pg. 1) |
|---|---|---|---|
| **PLAINTIFFS** ANA TORRES LOPEZ | | **DEFENDANTS** CONSEJO DE TITULARES DE CONDOMINIO CAROLINA COURT APARTMENTS; MARIA DEL C SALVA IN HER INDIVIDUAL CAPACITY; JOHN DOE, MARIA DEL C SALVA'S HUSBAND AND THE CONYUGAL PARTNERSHIP BETWEEN MARIA DEL C SALVA AND JOHN DOE; LUIS RUBEN ORTIZ IN HIS INDIVIDUAL CAPACITY; JANE ROE, LUIS RUBEN'S ORTIZ WIFE, AND THE CONYUGAL PARTNERSHIP BETWEEN LUIS RUBEN ORTIZ AND JANE ROE; INSURANCE COMPANY "A" | |

RECEIVED AND FILED
CASHIER 3
03 JUN 25 PM 4: 16
US BANKRUPTCY COURT
FOR THE DISTRICT OF
PUERTO RICO

| ATTORNEYS (Firm Name, Address, and Telephone No.) VICTOR C THOMAS SANTIAGO 151 SUITE B AVE DE DIEGO SAN JUAN PR 00911 | ATTORNEYS (if Known) |
|---|---|

| **PARTY** (Check one box only) | ☒ 1 U.S. PLAINTIFF | ☐ 2 U.S. DEFENDANT | ☐ 3 U.S. NOT A PARTY |
|---|---|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

CLAIM DAMAGES DUE TO DEFENDANTS' VIOLATION OF THE AUTOMATIC STAY 11 U.S.C. 362

**NATURE OF SUIT**
(Check the one most appropriate box only.)

- ☐ 454 To Recover Money or Property
- ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
- ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
- ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
- ☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 457 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☐ 434 To obtain an injunction or other equitable relief
- ☒ 498 Other (specify) VIOLATION OF THE AUTOMATIC STAY 11 U.S.C.362
- ☐ 424 To object or to revoke a discharge 11 U.S.C. §727
- ☐ 458 To subordinate any allowed claim or interest except where such subordination is provided in a plan

| **ORIGIN OF PROCEEDINGS** (Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|
| **DEMAND** | NEAREST THOUSAND $ 180,000.00 | OTHER RELIEF SOUGHT | | | ☐ JURY DEMAND |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR ANA TORRES LOPEZ | BANKRUPTCY CASE NO. 01-04801 GAC | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING DISTRICT COURT OF PUERTO RICO | DIVISIONAL OFFICE | NAME OF JUDGE GAC |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only.) | ☐ FEE ATTACHED | ☒ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|
| DATE JUNE 23, 2003 | PRINT NAME VICTOR C THOMAS SANTIAGO ESQ | SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>ANA TORRES LOPEZ<br>DEBTOR | CASE NO. 01-04801 GAC<br><br>CHAPTER 13 |
| ANA TORRES LOPEZ<br><br>PLAINTIFF<br><br>VS.<br><br>CONSEJO DE TITULARES DE CONDOMINIO CAROLINA COURT APARTMENTS; MARIA DEL C SALVA IN HER INDIVIDUAL CAPACITY; JOHN DOE, MARIA DEL C. SALVA'S HUSBAND AND THE CONYUGAL PARTNERSHIP BETWEEN MARIA DEL C. SALVA AND JOHN DOE; LUIS RUBEN ORTIZ IN HIS INDIVIDUAL CAPACITY; JANE ROE, LUIS RUBEN'S ORTIZ WIFE, AND THE CONYUGAL PARTNERSHIP BETWEEN LUIS RUBEN ORTIZ AND JANE ROE; INSURANCE COMPANY "A"<br><br>DEFENDANTS | ADVERSARY NO. 03-00093<br><br>WILFULL VIOLATION OF THE AUTOMATIC STAY (362) |

## COMPLAINT

**TO THE HONORABLE COURT:**

Comes now, Ana Torres López, Plaintiff, through the undersigned attorney, and very respectfully presents the following complaint:

1.- This action is brought by the Plaintiff, Ana Torres López, seeking damages against the Defendants due to Defendants' violation of the automatic stay afforded by the Plaintiff through 11 U.S.C. 362 because of Defendants' collection a pre-petition maintenance fee debt.

## JURISDICTION OF THE COURT

2.- Jurisdiction is invoked over this matter under 28 United States Code USC § 157 (b) and 28 U.S.C. § 1334 (b). This action is a core proceeding.

## VENUE

3. Venue is proper in this District Court under 28 USC §1408 and §1409 in as much as all the events or omissions giving rise to the claims of the captioned case occurred within the territory of this jurisdictional district.

## PARTIES

4. Plaintiff, Ana Torres López, is a Debtor in a chapter 13 case under the Bankruptcy Code. Ana Torres López filed for relief under chapter 13 on April 25, 2001.

5. Plaintiff, Ana Torres López, currently lives at Carolina Courts Apartments, apartment B-8, Carolina, Puerto Rico.

6. Co-Defendant, Consejo de Titulares de Condominio Carolina Court Apartments, hereinafter, Consejo, is the organism who has the duties and power to administer the condominium known as Carolina Courts Apartments where Plaintiff currently lives. Under the laws of the Commonwealth of Puerto Rico, Consejo, has the judicial capacity to sue and be sued as well as it is the supreme organism that administers the buildings or condominium organized under the statutes of the *Ley de Propiedad Horizontal*. The Co-Defendant, Consejo is responsible for the damages caused to the Plaintiff in its negligence collecting a pre-petition debt after it received notice of Plaintiff's bankruptcy filing and in applying the post-petition maintenance fee payment currently paid by Plaintiff to the balance owed in the pre-petition debt. The Co-Defendant is responsible for the damages caused to the Plaintiff in its negligence of continuously and deliberately collecting a pre-petition maintenance fee owed to the Plaintiff and collecting and requesting the payment of the debt owed by Plaintiff while in full knowledge of Plaintiff's bankruptcy filing. Co-defendant collection efforts were egregious and grossly negligent and were in full disregard of the automatic stay order. Co-defendant in collecting the pre-petition maintenance fee debt posted along the walls and bulletin boards of the condominium complex that Plaintiff owed maintenance fee and that she had filed a chapter 13 bankruptcy petition.

7. María del C. Salva is currently the President of the Consejo and she is brought in this complaint in her individual capacity. As an officer of the Consejo she is in charge of the duties assign to her by the Rules or Regulations of the Consejo. The Co-Defendant is responsible for the damages caused to the Plaintiff in its negligence of continuously and deliberately collecting a pre-petition maintenance fee owed to the Plaintiff and collecting and requesting the payment of the debt owed by Plaintiff while in full knowledge of Plaintiff's bankruptcy filing. Co-defendant collection efforts were egregious and grossly negligent and were in full disregard of the automatic stay order. Co-defendant in collecting the pre-petition maintenance fee debt posted along the walls and bulletin boards of the condominium complex that Plaintiff owed maintenance fee and that she had filed a chapter 13 bankruptcy petition.

8. John Doe, the husband of María del C. Salva, and the Conyugal Partnership between John Doe and María del C. Salva are brought as Defendants in this complaint to respond for any liability and damages suffered by the Plaintiff. These Co-Defendants are responsible for the damages caused to the Plaintiff in its negligence of continuously and deliberately collecting a pre-petition maintenance fee owed to the Plaintiff and collecting and requesting the payment of the debt owed by Plaintiff while in full knowledge of Plaintiff's bankruptcy filing. Co-defendant collection efforts were egregious and grossly negligent and were in full disregard of the automatic stay order. Co-Defendant, John Doe is mentioned with a fictitious name because at this moment we are unaware of this co-defendant's true name.

9. Luis Rubén Ortiz was the President of the Consejo and he is brought in this complaint in his individual capacity. As an officer of the Consejo he was in charge of the duties assigned to him by the Rules or Regulations of the Consejo, one of which was the decision to continue with the collection efforts against the Plaintiff and to refuse to stop this collection efforts despite his knowledge of Plaintiff's bankruptcy filing. Luis Rubén Ortiz resides at Condominium Carolina Court Apartments, Apartment D-14, Carolina. The Co-Defendant is responsible for the damages caused to the Plaintiff in its negligence of continuously and deliberately collecting a pre-petition maintenance fee owed by the Plaintiff and collecting and requesting the payment of the debt owed by Plaintiff while in full knowledge of Plaintiff's bankruptcy filing. Co-defendant collection efforts were egregious and grossly negligent and were in full disregard of the automatic stay order. Co-defendant collection actions were in complete disregard of the automatic stay order

to the point that he allowed and authorized the posting along the walls and bulletin boards of the condominium complex of Carolina Court Apartment that the Plaintiff owed maintenance fee and that she had filed a chapter 13 bankruptcy petition. During his tenure as President of the Consejo he aggressively tried to collect the maintenance fee arrears from the Plaintiff. Luis Rubén Ortiz was the President of the Consejo during the events that cause Plaintiff to be harass for the payment of the mentioned arrears all in violation of the automatic stay.

10. Jane Roe, the wife of Luis Rubén Ortiz, and the Conyugal Partnership between Jane Roe and Luis Rubén Ortiz are brought as Defendants in this complaint to respond for any liability and damages suffered by the Plaintiff. These Co-Defendants are responsible for the damages caused to the Plaintiff in its negligence of continuously and deliberately collecting a pre-petition maintenance fee owed to the Plaintiff and collecting and requesting the payment of the debt owed by Plaintiff while in full knowledge of Plaintiff's bankruptcy filing. Co-defendant collection efforts were egregious and grossly negligent and were in full disregard of the automatic stay order. Co-Defendant, Jane Roe is mentioned with a fictitious name because at this moment we are unaware of this co-defendant's true name.

11. At all times relevant to this action Insurance Company "A" was an insurance company duly organized under the laws of the Commonwealth of Puerto Rico, with their principal business office in Puerto Rico, and they were authorized under the Insurance Law of Puerto Rico to do business in Puerto Rico and they were doing business in Puerto Rico. At all times pertinent to this action, Insurance Company "A" had issued and had a valid insurance contract to cover the liability of the Defendants as a consequence for the events that brought about this action. As an insurance company of the Consejo they are directly and severally liable to the Plaintiff totally or partially for the actions of the Consejo that brought a willful violation of the Automatic Stay and damages to the Plaintiff. The insurance company has been given a fictitious name due to the fact that at this time their name is unknown to the Plaintiffs. This Co-Defendant is responsible for the damages caused to the Plaintiff in its negligence of continuously and deliberately collecting a pre-petition maintenance fee owed to the Plaintiff and collecting and requesting the payment of the debt owed by Plaintiff while in full knowledge of Plaintiff's bankruptcy filing. Co-defendant collection efforts were egregious and grossly negligent and were in full disregard of the automatic stay order. Co-defendant in collecting the pre-petition maintenance fee debt posted along the walls and

bulletin boards of the condominium complex that Plaintiff owed maintenance fee and that she had filed a chapter 13 bankruptcy petition.

12. All of the Defendants mentioned in the previous paragraphs are directly, totally and severally liable to the Plaintiff for the willful actions that brought a willful violation of the Automatic Stay order that caused the Plaintiff to suffer damages.

## FACTS

13. On April 25, 2001 Debtor filed for relief under the provisions of chapter 13 of the Bankruptcy Code.

14. As mentioned Plaintiff lives in Carolina Courts Apartments and it is required to pay the monthly amount of $97.00 as maintenance fee for the administration and maintenance expenses of the condominium.

15. At the time Plaintiff filed her case under chapter 13 she had arrears for maintenance fees in the amount of $411.20. The amount was proposed to be paid as arrears in her chapter 13 plan dated April 19, 2001. The amount was to be paid to Banco Popular de Puerto Rico who was the servicer of the maintenance fee of the mentioned condominium. Banco Popular de Puerto Rico was duly scheduled as an unsecured creditor for maintenance arrears with the account number C7075000327.

16. Notwithstanding the above, shortly after the filing of her bankruptcy petition, Plaintiff addressed a letter dated June 11, 2001 to the Consejo through María del C. Salva, at this time the President of the Consejo notifying them of her bankruptcy petition and Plaintiff sent them a copy of the Bankruptcy Court Automatic Stay of Suit Order which had Plaintiff's bankruptcy case number. In said letter she informed the Consejo that she will continue direct payments as to the maintenance fee beginning on July 2002 and that the arrears concerning maintenance fee will be paid through the chapter 13 trustee. With the mentioned notice Creditor was informed that all actions or proceedings to enforce any claim or to levy on property of Plaintiff subsequent to the filing of the bankruptcy petition were stayed by law.

17. However, after the filing of the petition, Defendants have continued collection efforts against the Plaintiff as to the amount owed pre-petition. Nothwistanding that Plaintiff has continued with direct payments of the condominium maintenance fee, Defendants have harassed and deliberately tried to collect the pre-petition arrears owed by Plaintiff.

18. Defendants' actions have included, collection efforts through monthly invoices or statements requesting Plaintiff payment of the amounts owed pre-petition that are being proposed to be paid through the chapter 13 plan.

19. Plaintiff case was filed on April 25, 2001. Plaintiff had a pre-petition debt at the moment the case was filed of $873.00 according to Defendants' records. Since then, and notwithstanding the fact that Plaintiff has continued and is current with her direct payments, Defendants have tried to collect the mentioned amount of $873.00 as evidenced in the invoices that Defendants have sent to Plaintiff for the months between January 2002 and July 2002.

20. Defendants actions which are in clear violation of the automatic stay have included collection efforts through notices posted through out the condominium bulletins boards and the condominium walls in which the Defendants have given public notice to all residents of the condominium, of the owners of the apartments which are in arrears in three or more months as to maintenance fees. One of these owners with arrears is Plaintiff, Ana Torres López, whose name has been posted as having three or more months in arrears with the Consejo for maintenance fee. Plaintiff is identified through these debt notices as being a debtor in a chapter 13 proceeding.

21. Plaintiff has continuously tried to prevent this egregious collection efforts to the point that she has had to destroy some of the mentioned notices to avoid the harassment and the embarrassment that she has felt when these notices are posted.

22. Because of the collection efforts mentioned against Plaintiff, Plaintiff has been living in fear and anxiety.

## VIOLATION OF THE AUTOMATIC STAY

23. Defendants were informed that a bankruptcy petition operates as a stay of the commencement or continuation of any court or other proceeding against the Plaintiff, of the enforcement of any judgment against her, of any act or the commencement or continuation of any court proceeding to enforce any lien on the property of the Plaintiff, and of any court proceeding commenced for the purpose of rehabilitation of the debtor or the liquidation of her estate. A stamped copy of this Honorable Court's order to stay all proceedings against the Plaintiffs was notified through a letter dated June 11, 2001 to Defendants.

24. Having knowledge of Plaintiff's bankruptcy filing and of the automatic stay, Defendants' actions of requesting payments for maintenance fee arrears violated section 362 of the

Bankruptcy Code. Defendants, Consejo de Titulares de Condominio Carolina Court Apartments, María del C. Salva, Luis Rubén Ortiz, and Insurance Company "A" knew that the automatic stay order was in effect.

25. Section 362(a)(6) of the Bankruptcy Code states that a petition filed under section 301, 302, or 303 of the Bankruptcy Code operates as a stay to collect assets or recover a claim against a debtor that arose before the commencement of the case.

26. Notwithstanding, that Defendants knew and were adequately notified of Plaintiff's bankruptcy filing and they were stayed from forcing the collection of the maintenance fee against Plaintiff, they continued with their willful, egregious collection efforts against the Plaintiff.

27. All Defendants had knowledge of Plaintiff's bankruptcy proceeding and of the stay, therefore Defendants actions violates section 362 of the Bankruptcy Code and are thus subject to the payment of damages, including costs and attorney fees under section 362(h) of the Bankruptcy Code.

28. Defendants' action because of Plaintiff's debt with the Consejo overtly and intentionally violates the Automatic Stay Order issued in Plaintiff's bankruptcy petition. Said actions were willful and egregious in violation of the Automatic Stay Order and Defendants continue in defiance of the Automatic Stay Order.

29. Defendants' violation of the Automatic Stay Order, the refusal to stop the collection efforts against the Plaintiff, the refusal to correct their monthly invoices and statements have caused Plaintiff emotional distress. Under 11 USC § 362 (h), Plaintiff is entitled to actual damages, costs, attorneys fees and punitive damages.

## DAMAGES

30. The allegations of paragraph 1 trough 29 above are realleged as it fully set forth herein.

31. As a result of Defendants intentional, willful, deliberate, continuous and unlawful conduct Plaintiff has suffered damages in an amount of approximately $80,000.00 and is entitled to compensatory damages in said amount for actual damages, suffering and mental anguish

32. Defendants' intentional, continuous, egregious and deliberate actions are in reckless disregard of this Honorable Court's order namely the Automatic Stay Order for which punitive damages in an amount not less that $100,000.00 should be awarded to Plaintiff.

33. All Defendants are jointly and severally liable to the Plaintiff. As a result of Defendants' deliberate actions the Plaintiff is entitled to costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests from this Honorable Court to grant judgment in favor of Plaintiff in the following manner:

    a. Order the Defendants to immediately stop any collection efforts and to correct the statement or invoices sent to the Plaintiff to reflect that Plaintiff is current in the post-petition payments for maintenance fees.

    b. Hold the Defendants in violation for willful violation of the Automatic Stay Order.

    c. $80,000.00 in actual damages against all Defendants jointly and severally.

    d. $100,000.00 in punitive damages against all Defendants, jointly and severally.

    e. Award attorney fees and costs pursuant to section 362(h) of the Bankruptcy Code.

    f. Any other relief that this Honorable Court may deem appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 20th day of June, 2003.

Victor C. Thomas Santiago
USDC PR 209807
151 De Diego Avenue, Suite B
San Juan, Puerto Rico 00911
Tel. (787) 722-5601
Fax (787) 724-6366