```
             IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF PUERTO RICO
```

| | | |
|---|---|---|
| In re: | : | |
| ANA TORRES LOPEZ, | : | Case No. 01-04801 (GAC) |
|     Debtor | : | Chapter 13 |
| _____ | : | |
| ANA TORRES LOPEZ, | : | |
|     Plaintiff, | : | |
|     v. | : | Adv. No. 03-0093 |
| CONSEJO DE TITULARES DEL CONDOMINIO CAROLINA COURT APARTMENTS, | : | |
|     Defendants | : | |
| _____ | : | |

## DECISION AND ORDER

The United States Bankruptcy Appellate Panel for the First Circuit issued a mandate on June 9, 2009, vacating this Court's order, granting attorney's fees to debtor's counsel in the amount of $7,500.00 and $1,245.97 in expenses, and remanded debtor's counsel's application for fees for further consideration, based on the standard set forth in the BAP's Opinion. The BAP specifically concluded that the proper method for determining the reasonableness of counsel's fees is through use of the lodestar method. The lodestar method entails multiplying the number of hours productively spent by a reasonable hourly rate. The BAP also concluded that debtor's counsel sustained his burden with respect to the reasonableness of his hourly rate and that the time expended

1

in litigating the stay violation was not challenged. Thus, according to the lodestar method, the number of hours, 133, is multiplied by counsel's hourly rate of $200.00 per hour, to arrive at the sum of $26,680.00.

The BAP indicated that this amount may be adjusted up or down, in light of other considerations, such as the result obtained. While the damages of $2,500 awarded to the debtor were minimal, debtor's counsel vindicated an important right, that being the protection afforded a debtor by the automatic stay.

The other factors this Court is directed to consider is the time spent on such services, which the BAP determined was reasonable. The rate charged is likewise reasonable. The services were necessary or beneficial at the time that they were rendered. The services were performed within a reasonable amount of time, commensurate with the complexity, importance, and nature of the problem. The compensation is reasonable based on the customary compensation charged by comparably skilled practitioners. Nonetheless, as the BAP concluded, a court may reduce the requested fees even where the prevailing party succeeds on most or all of the claims, if the judgment amount is small. In this case counsel expended 133 hours at a rate of $200 per hour, to obtain a $2,500.00 award to the debtor. Accordingly, the Court concludes that the fees should be adjusted downward and will reduce the fees of $26,680.00 sought by 15%, or $4,002.00. Thus, the Court will

2

award attorneys fees in the amount of $22,678.00, plus the costs previously awarded of $1,245.97, for a total of $23,923.97.

### ORDER

WHEREFORE IT IS ORDERED that debtor's counsel's application for attorney's fees is allowed in the amount of $22,678.00, plus expenses of $1,245.97.

SO ORDERED.

San Juan, Puerto Rico, this 15th day of June, 2009.

BY THE COURT:

s/ Gerardo A. Carlo
_____
GERARDO A. CARLO
U.S. Bankruptcy Judge